IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-2387-WJM-KLM

BOB LEWIS,

    Plaintiff,

v.

GOOGLE, INC., a Delaware Corporation, and
YOUTUBE, LLC, a Delaware Corporation,

    Defendants.

## ORDER GRANTING MOTION TO TRANSFER

Plaintiff Bob Lewis ("Plaintiff") sues Google, Inc., and YouTube, LLC (together, "Defendants") for various causes of action arising from YouTube's alleged discrimination against Plaintiff, "specifically by arbitrarily and maliciously demonetizing [his] videos, algorithmic limiting the discovery of LEWIS' channel and videos on their platform, and deleting [his] YouTube channel, Misandry Today." (ECF No. 19 ¶ 1.)

Before the Court is Defendants' Motion to Transfer Venue. (ECF No. 29.) Defendants ask the Court to transfer this case to the United States District Court for the Northern District of California. For the reasons explained below, Defendant's motion is granted

### I. BACKGROUND

The currently operative complaint is Plaintiff's Second Amended Complaint (ECF No. 19), which incorporates exhibits filed with Plaintiff's original complaint (ECF No. 1). The Second Amended Complaint makes numerous attacks on YouTube's Terms of

Service.  (*See, e.g.*, ECF No. 19 ¶¶ 81–84, 89, 116, 201.)  Exhibit S to the original complaint is a PDF rendering of those Terms of Service.  (ECF No. 1-19.)  The Terms of Service state, among other things, that "[a]ny claim or dispute between you and YouTube that arises in whole or in part from the Service shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California."  (*Id.* § 14.)  The Court will refer to this as the "Forum Selection Clause."

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Normally, the party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *See Chrysler Credit Corp. v. Cnty. Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  Moreover, "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013) ("*Atlantic Marine*"); *see also Chrysler Credit Corp.,* 928 F.2d at 1516 (setting out factors courts consider in "an individualized, case-by-case consideration of convenience and fairness" (internal quotation marks omitted)).  "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"  *Atlantic Marine*, 571 U.S. at 62–63 (quoting § 1404(a)).

The calculus changes, however, when the parties have a contract containing a

2

valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." *Id.* (internal quotation marks omitted). "[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Id.* (certain alterations incorporated; internal quotation marks omitted). As relevant here, the Supreme Court holds that "[t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis" in two ways:

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . .
>
> Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum . . . . [¶] As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.

*Id.* at 63–64 (internal quotation marks and citations omitted).

### III. ANALYSIS

**A.     Validity of the Forum Selection Clause**

The Court's analysis—whether to apply the standard § 1404(a) factors and burdens, or to apply the factors and burdens required under *Atlantic Marine*—turns on whether the Forum Selection Clause is valid. Plaintiff makes numerous attacks on the Terms of Service generally. (*See* ECF No. 33-1.) The question, however, is whether the Forum Selection Clause (not the contract as a whole) is valid. *Bowers v. Tension*

3

*Int'l, Inc.*, 2016 WL 3181312, at *3 (D. Colo. June 8, 2016).  Plaintiff's only attack that comes somewhat close to an attack on the Forum Selection Clause is to point out another part of the Terms of Service which says that "YouTube may, in its sole discretion, modify or revise these Terms of Service and policies at any time, and you agree to be bound by such modifications or revisions" even if YouTube does not provide notice.  (ECF No. 1-19 § 1(B).)  Plaintiff labels this "unfair surprise."  (ECF No. 33 at 7.)

Unfair surprise is a reference to one of seven factors that Colorado courts frequently examine when a party seeks to avoid a contract on unconscionability grounds:

> Courts consider several factors in determining unconscionability, including: (1) the use of a standardized agreement executed by parties of unequal bargaining power; (2) the lack of an opportunity for the customer to read or become familiar with the document before signing it; (3) the use of fine print in the portion of the contract containing the provision in question; (4) the absence of evidence that the provision was commercially reasonable or should reasonably have been anticipated; (5) the terms of the contract, including substantive fairness; (6) the relationship of the parties, including factors of assent, unfair surprise, and notice; and (7) the circumstances surrounding the formation of the contract, including setting, purpose, and effect.

*Lincoln Gen. Ins. Co. v. Bailey*, 224 P.3d 336, 341 (Colo. App. 2009), *aff'd*, 255 P.3d 1039 (Colo. 2011).[1]  However, Plaintiff nowhere explains how he has been unfairly surprised by the Forum Selection Clause, nor how any of the other unconscionability factors apply to the Forum Selection Clause.

---

[1] The Terms of Service specify that they will be governed by California law.  (ECF No. 1-19 § 14.)  Because Plaintiff argues for unconscionability under Colorado law, and because those arguments fail, the Court need not decide whether the outcome would be different under California law.

4

Accordingly, Plaintiff has failed to cast any doubt on the validity of the Forum Selection Clause, and so the *Atlantic Marine* analysis applies here.

**B.    Application of *Atlantic Marine* Analysis**

Plaintiff has the burden to demonstrate that the public-interest factors of the § 1404(a) balancing test weigh in his favor.  *Atlantic Marine*, 571 U.S. at 63–64. "Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 63 n.6 (internal quotation marks omitted; alterations incorporated).

Plaintiff makes no argument under these factors or anything similar.  Plaintiff instead hangs his whole argument on two premises: (1) the Terms of Service (not the Forum Selection Clause specifically) are invalid (ECF No. 33 at 5–9), and (2) Defendants have not met their burden to justify transfer, particularly in light of the *private*-interest factors (*id.* at 2–5).  Again, however, the Forum Selection Clause is valid and so it is Plaintiff's burden to show why the *public*-interest factors weigh against transfer.  Plaintiff's failure to offer even an alternative argument in this regard means Plaintiff has *per se* failed to satisfy his burden.

To repeat, "forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64.  Plaintiff has failed to show why this is an unusual case. Transfer to the jurisdiction selected by the Forum Selection Clause is therefore appropriate.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendants' Motion to Transfer Venue (ECF No. 29) is GRANTED;

5

2. In this case is TRANSFERRED to the United States District Court for the Northern District of California, and the Clerk shall transmit the file to the Clerk of that court; and

3. Unless and until ordered otherwise by the Northern District of California, unexpired deadlines in this case (if any) continue to control.

Dated this 31st day of December, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge